UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Shirley J. Anderson and Arnold R. Anderson,<br><br>Plaintiffs,<br><br>v.<br><br>Medicare Insurance, New River Medical Center, Guardian Angels TCU of Elk River, MN, Dr. David Kraker, Dr. Gregg Dyste, Dr. Mark R. Mount, and Dr. Steven Lockman,<br><br>Defendants. | Case No. 14-cv-4832 (PJS/HB)<br><br><br>**REPORT AND RECOMMENDATION** |

Shirley J. Anderson and Arnold R. Anderson, *pro se*

Friedrich A. P. Siekert, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Defendant Medicare Insurance

HILDY BOWBEER, United States Magistrate Judge

**I.      Introduction**

This matter is before the Court on Defendant Medicare Insurance's Motion to Dismiss [Doc. No. 17], which was heard on April 10, 2015.  The motion has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation under 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. (Order Reference [Doc. No. 22].)  For the reasons set forth below, the Court recommends that the motion be granted, and the case be dismissed.

## II.     Background

On February 21, 2014, Plaintiffs Shirley J. Anderson and Arnold R. Anderson filed suit in the Anoka County District Court against Dr. David Kraker, Dr. Gregg Dyste, Dr. Mark R. Mount, Dr. Steven Lockman, New River Medical Center, and Guardian Angels TCU of Elk River (collectively, the "Medical Defendants") for allegedly negligent medical care provided to Mr. Anderson between February 22, 2010, and April 24, 2013.  (Compl. [Doc. No. 1-1].)  "Medicare Insurance" is also named as a defendant.[1] (*Id.* at 1.)

The first reference to Medicare is in the last paragraph of the complaint before the prayer for relief, stating:

> Medicare, again, did nothing to monitor and hold this doctor accountable! . . . this is your Medicare in action.  Do you really want to look forward to this lack of care once you reach retirement?  Or do you want to have the same responsible care insurance your congressmen have?

(*Id.* at 3.)  In the prayer for relief, Plaintiffs seek, *inter alia*, that the Medical Defendants reimburse Medicare the fees they received from Medicare, and that "all facilities that failed the patient . . . be closely monitored and reported on a quarterly basis." (*Id.* at 3-4.)  Plaintiffs also request "full guarantees that Medicare will start policing all surgeons, doctors and facilities that are contracted to care for patients." (*Id.* at 4.)  Plaintiffs seek "punitive damages in the amount of 200 Million dollars" from all Defendants.  (*Id.*)

---

[1]  The real party in interest in matters involving the administration of Medicare is the Secretary of the United States Department of Health and Human Services ("Secretary"). *See* 42 U.S.C. § 1395hh(a)(1).

Before the case was removed to federal court, the state court dismissed certain defendants. (Mem. Supp. Mot. Dismiss at 3 [Doc. No. 19].) On September 18, 2014, Dr. David Kraker, Dr. Steven Lockman, and Dr. Mark R. Mount were dismissed for inadequate service under Minnesota Rule of Civil Procedure 3.01(a) and 4.03(a), and for failure to provide an affidavit of expert review with the complaint, as required under Minnesota Statute § 145.682, subd. 2. (*Id.*) On November 17, 2014, Dr. Gregg Dyste and Guardian Angels TCU were dismissed for failure to provide an affidavit of expert review with the complaint. (*Id.*)

The United States Department of Health and Human Services learned of the instant complaint when a clerk in the Anoka County District Court forwarded scheduling orders and an order dismissing certain Medical Defendants. (*Id.*) The Secretary filed a notice of removal on November 21, 2014, and now moves to dismiss the complaint against "Medicare Insurance." (*Id.*) Plaintiffs did not respond to the Motion and did not appear at the hearing.

## III. Discussion

Medicare Insurance, via the Secretary, moves to dismiss on three grounds: (1) lack of subject matter jurisdiction because Plaintiffs have no clear right, and the Secretary has no non-discretionary duty to "police" Medicare providers; (2) lack of personal jurisdiction because Plaintiffs failed to effect proper service on Medicare Insurance or the Secretary; and (3) failure to state a claim on which relief can be granted against Medicare Insurance or the Secretary. (Mem. Supp. Mot. Dismiss at 6-12.)

3

### A. Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) provides that a party may move to dismiss a complaint for lack of subject matter jurisdiction. When considering a Rule 12(b)(1) motion, a district court may consider matters outside the pleadings. *Satz v. ITT Fin. Corp.*, 619 F.2d 738, 742 (8th Cir. 1980). "[N]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990).

Medicare Insurance argues there is no subject matter jurisdiction, because the doctrine of sovereign immunity completely bars Plaintiffs' suit. (Mem. Supp. Mot. Dismiss at 6-7.) The Court agrees. Where the United States or its agency is a defendant, in addition to complying with the standard set forth in Rule 12(b)(1), Plaintiffs must show a waiver of sovereign immunity. This waiver must be "unequivocally expressed in statutory text," and "the scope of sovereign immunity waiver is strictly construed in favor of the sovereign." *Miller v. Tony and Susan Alamo Found.*, 134 F.3d 910, 915 (8th Cir. 1998). Without an express waiver, sovereign immunity bars a plaintiff's claim for money damages against the United States, its agencies, and its officers in their official capacities. *Fed. Deposit Ins. Co. v. Meyer*, 510 U.S. 471, 475 (1994). Here, Plaintiffs have not alleged that Medicare Insurance, the United States Department of Health and Human Services, or the Secretary consented to suit in this action, and the government has not

conceded as much. Thus, Plaintiffs' claims against Medicare Insurance are barred by the doctrine of sovereign immunity and should be dismissed on this basis alone.

    **B.**    **Personal Jurisdiction**

Under Federal Rule of Civil Procedure 12, a party may move to dismiss claims for insufficient process or insufficient service of process. *See* Fed. R. Civ. P. 12(b)(4), 12(b)(5). A party may also move to dismiss claims for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Courts have observed that "[i]f a defendant is improperly served, a federal court lacks jurisdiction over the defendant." *Willis v. Tarasen*, No. 04-cv-4110 (JMR/FLN), 2005 WL 1705839, at *1 (D. Minn. July 11, 2005) (citing *Printed Media Serv., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993)).

The Court lacks personal jurisdiction over Medicare Insurance and the Secretary because neither was properly served. The requirements for service of process on the United States, its agencies, officers, and employees are set forth in Federal Rule of Civil Procedure 4(i). Rule 4(i) states in part:

> (1) *United States.* To serve the United States, a party must:
>
> > (A)(i)  deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
> >
> > (ii)  send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> >
> > (B)  send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
>
> (2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Fed. R. Civ. P. 4(i). In this case, Plaintiffs did not deliver a copy of the summons and the complaint to the United States attorney, the Attorney General, the United States Department of Health and Human Services, or the Secretary of this agency. (Siekert Decl. ¶¶ 3-7 [Doc. No. 20].) The United States Department of Health and Human Services learned of the complaint only when a clerk in the Anoka County District Court forwarded scheduling orders and an order dismissing certain Medical Defendants. (Mem. Supp. Mot. Dismiss at 3.) Medicare Insurance should therefore be dismissed for lack of personal jurisdiction, insufficient process, and insufficient service of process.

    **C.**    **Failure to State a Claim**

Even if this Court had subject matter jurisdiction over this matter and personal jurisdiction over Medicare Insurance, Plaintiffs' complaint should be dismissed on the merits because it fails to state a claim on which relief can be granted.

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court assumes the facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the plaintiff. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). The Court, however, need not accept as

true allegations that are merely conclusory, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). The Court ordinarily does not consider matters outside the pleadings on a motion to dismiss. *See* Fed. R. Civ. 12(d). But the Court may consider exhibits attached to the complaint and documents necessarily embraced by the pleadings, *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003), as well as public records. *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Plaintiffs' references to Medicare Insurance in the complaint include allegations that it "did nothing to monitor and hold this doctor accountable," and requests that "all facilities that failed the patient . . . be closely monitored and reported on a quarterly basis," and for "full guarantees that Medicare will start policing all surgeons, doctors and facilities that are contracted to care for patients." (Compl. at 3-4.) These assertions fail to state a claim, because the Medicare program is not authorized to oversee the quality of care provided by physicians and contracted facilities. *See* 42 C.F.R. Pt. 424; 42 U.S.C. § 1395cc(j). Because the alleged facts cannot entitle Plaintiffs to their requested relief from Medicare Insurance, the claims against Medicare Insurance should be dismissed.

**IV.   Recommendation**

Based on the foregoing and all of the files, records, and proceedings herein, it is recommended that:

1. Defendant Medicare Insurance's Motion to Dismiss [Doc. No. 17] be **GRANTED**; and

2. The case be **DISMISSED WITH PREJUDICE**.


Dated:  May 4, 2015                                s/ *Hildy Bowbeer*
                                                               HILDY BOWBEER
                                                               United States Magistrate Judge


**NOTICE**

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 22, 2015**, a writing that specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within fourteen days after service thereof.  A judge shall make a *de novo* determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.