UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SHIRLEY J. ANDERSON and ARNOLD R. ANDERSON, | Case No. 14-CV-4832 (PJS/HB) |
| Plaintiffs, | ORDER |
| v. | |
| MEDICARE INSURANCE; NEW RIVER MEDICAL CENTER; GUARDIAN ANGELS TCU OF ELK RIVER, MN; DR. DAVID KRAKER; DR. GREGG DYSTE; DR. MARK R. MOUNT; and DR. STEVEN LOCKMAN, | |
| Defendants. | |

Shirley J. Anderson, pro se.

Friedrich A.P. Siekert, UNITED STATES ATTORNEY'S OFFICE, for defendant Medicare Insurance.

Plaintiff Shirley J. Anderson and her late husband Arnold R. Anderson filed a lawsuit in Minnesota state court against various doctors and medical facilities, as well as against "Medicare Insurance." ECF No. 1-1 at 1. ("Medicare Insurance" is not an entity that can be sued; the real party in interest is the Secretary of the Department of Health and Human Services, to which the Court will refer as "the government.") Anderson's complaint alleges that her husband received substandard medical care from the defendant doctors and facilities. The complaint also alleges that "Medicare . . . did nothing to monitor and hold th[e] doctor[s] accountable" and demands that the

government "start policing all surgeons, doctors and facilities that are contracted to care for patients." ECF No. 1-1 at 3-4. The complaint seeks $200 million in punitive damages. *Id.* at 4. After the doctors were dismissed from the suit (because Anderson did not provide the affidavits of expert review required by Minn. Stat. § 145.682), ECF Nos. 1-2, 1-3, 1-4, the government removed the case to federal court.

This matter is before the Court on Anderson's objection to the May 4, 2015 Report and Recommendation ("R&R") of Magistrate Judge Hildy Bowbeer. Judge Bowbeer recommends that the motion to dismiss the claim against the government be granted for three independent reasons: (1) Anderson's claim is barred by the doctrine of sovereign immunity, (2) Anderson did not properly serve the government, and (3) Anderson's allegations fail to state a claim on which relief can be granted. The Court has conducted a de novo review of the R&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Anderson's objection does not address any substantive aspect of Judge Bowbeer's analysis. In particular, Anderson does not attempt to meet her burden to establish that the government has waived sovereign immunity, *see Riley v. United States*, 486 F.3d 1030, 1031-32 (8th Cir. 2007), or her burden to provide evidence that she properly served the government, *see* Fed. R. Civ. P. 4(*l*)(1); *Northrup King Co. v. Compania*

-2-

*Productora Semillas Algodoneras Selectas, S.A.*, 51 F.3d 1383, 1387 (8th Cir. 1995).[1]

Moreover, Anderson does not explain how the facts alleged in her complaint would give her a right to recover damages from the government. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) ("Though pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." (citations omitted)); *see also Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 854 (8th Cir. 2014) (district courts do not have "sweeping duty" to "devise legal theories for *pro se* plaintiffs"; claim

---

[1] Because the case was removed from state court, Anderson had 120 days from the date of removal (rather than from the filing of the complaint) to properly serve the government. *See* 28 U.S.C. § 1448; Fed. R. Civ. P. 4(m), 81(c)(1); *Cardenas v. City of Chi.*, 646 F.3d 1001, 1004 (7th Cir. 2011); 4B Charles Alan Wright, Arthur R. Miller, & Adam N. Steinman, *Federal Practice and Procedure* § 1137, at 283 (4th ed. 2015). The case was removed on November 21, 2014, ECF No. 1; the deadline for Anderson to serve the government was thus March 23, 2015. On February 6, 2015, when the government moved to dismiss for improper service and submitted a declaration stating that it had not been properly served under Fed. R. Civ. P. 4(i), ECF Nos. 17, 19, 20, Anderson still had time to effectuate service. Yet Anderson has not provided any evidence that she properly served the government.

must be "discernable"). The Court will therefore adopt the R&R (with the exception of one phrase[2]) and dismiss the claim against the government with prejudice.[3]

A procedural matter remains: The government has provided state-court filings showing that many of the other defendants were dismissed before this case was removed. ECF Nos. 1-2, 1-3, 1-4.[4] But it is not clear from the record (or from the Court's search of the Minnesota judiciary's publicly available online database) whether *all* of the defendants other than the government were dismissed in state court. It appears to the Court that at least one defendant (New River Medical Center) may not have been dismissed. (The government appears to agree that New River Medical Center remains

---

[2]The R&R asserts that "the Medicare program is not authorized to oversee the quality of care provided by physicians *and contracted facilities*." ECF No. 24 at 7 (emphasis added). This is not accurate, as the government does have some authority to oversee facilities, including through surveys by state agencies. *See* 42 U.S.C. § 1395aa. Anderson's complaint, however, is that "Medicare . . . did nothing to monitor and hold *th[e] doctor[s]* accountable." ECF No. 1-1 at 3 (emphasis added). The federal government does not have authority to monitor the care given by individual physicians.

[3]Two of the grounds for dismissal recommended by Judge Bowbeer—sovereign immunity and improper service—relate to the Court's jurisdiction and therefore on their own would result in dismissal without prejudice. *Hart v. United States*, 630 F.3d 1085, 1091 (8th Cir. 2011) (sovereign immunity); *Smith v. Ghana Commercial Bank, Ltd.*, 379 F. App'x 542, 543 (8th Cir. 2010) (per curiam, unpublished) (improper service). But the third ground—failure to state a claim—warrants dismissal with prejudice. *Ahmed v. United States*, 147 F.3d 791, 797-98 (8th Cir. 1998).

[4]Unlike this Court's docket, the state-court docket identifies as additional defendants the medical practices with which the doctors appear to be affiliated, *see* ECF No. 1-1, but those additional defendants were also dismissed before removal, ECF Nos. 1-2, 1-3, 1-4.

in the case, as it includes the facility in the caption of its filings, *e.g.,* ECF Nos. 19, 26, and asks the Court "to remand any remaining claims against any other defendant back to Anoka County District Court," ECF No. 19 at 2.)

The dismissal of Anderson's claim against the government therefore does not end the matter, as Anderson's claims against at least one other defendant apparently remain pending. The Court has discretion to exercise supplemental jurisdiction over the remaining state-law claims, dismiss those claims without prejudice, or remand the case to state court. *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 348-53 (1988); *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 598-99 (8th Cir. 2002); *Green v. Ameritrade, Inc.*, 279 F.3d 590, 594-95 (2002). Given that this lawsuit is still in its early stages, the Court will not exercise supplemental jurisdiction over any remaining state-law claims. *See Cohill*, 484 U.S. at 350; *see also Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008) (explaining that when federal claims are dismissed leaving only state claims, "[i]n most cases" supplemental jurisdiction should not be exercised to "avoid needless decisions of state law" and "as a matter of comity and to promote justice between the parties" (quoting *Ivy v. Kimbrough*, 115 F.3d 550, 552-53 (8th Cir. 1997)). To save the parties from having to refile their papers in state court and the Minnesota courts from having to reprocess the case, the Court will remand this matter to state court. *See Cohill*, 484 U.S. at 350-53.

ORDER

Based on all of the files, records, and proceedings herein, the Court OVERRULES Anderson's objection [ECF No. 25] and ADOPTS the R&R [ECF No. 24], with the exception of the phrase "and contracted facilities" appearing on page 7.  IT IS HEREBY ORDERED THAT:

1. The government's motion to dismiss [ECF No. 17] is GRANTED.

2. Anderson's claim against the government is DISMISSED WITH PREJUDICE.

3. This matter is REMANDED to the Minnesota District Court, Tenth Judicial District.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  July 20, 2015            s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge